**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-2248**

UBONG JIMMY ESSIEN; AFFIONG ESSIEN,

Petitioners,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A74-639-085; A75-394-475)

Submitted: July 16, 2004                Decided: August 13, 2004

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Petition dismissed in part; denied in part by unpublished per curiam opinion.

Rev. Uduak J. Ubom, Washington, D.C., for Petitioners. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Larry P. Cote, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ubong Jimmy Essien and Affiong Essien, husband and wife, and natives and citizens of Nigeria, petition for review of the Board of Immigration Appeals' ("Board") orders denying their applications for asylum and withholding of deportation and suspension of deportation (Ubong Essien) and withholding of removal (Affiong Essien). We have reviewed the administrative record and the Board's orders and find that substantial evidence supports the conclusion that the Essiens failed to establish past persecution or a well-founded fear of future persecution in a protected category, as necessary to qualify for asylum. See 8 U.S.C. § 1105a(a)(4) (1994);* 8 C.F.R. § 1208.13(b) (2003).

Additionally, we uphold the Board's denial of the Essiens' applications for withholding of deportation and/or removal. The standard for receiving withholding is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As the Essiens failed to establish refugee

---

*Although 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-128, 110 Stat. 3009, effective April 1, 1997, because Ubong Essien's case was in transition at the time the IIRIRA was passed, § 1105a(a)(4) is applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

status, they cannot satisfy the higher standard for withholding of deportation or removal.

Ubong Essien petitions for review of the Board's decision denying suspension of deportation under former INA § 244(a), 8 U.S.C. § 1254(a) (1994). Section 309(c)(4)(E) of the IIRIRA's transitional rules provides that "there shall be no appeal of any discretionary decision under section . . . 244." This court "may review all aspects of the BIA's decision except those that are committed to its discretion by law." Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001). Any "decision with respect to whether extreme hardship is established is a discretionary one [that the Court] may not review." Id. Here, the immigration judge denied the application for suspension of deportation based on his finding that Ubong Essien failed to demonstrate extreme hardship; the Board affirmed on that ground. Thus, the decision is not reviewable.

Accordingly, the petition for review is dismissed for lack of jurisdiction as to the denial of Essien's request for suspension of deportation. The remainder of the petition for review is denied. We also deny Essien's motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART; DENIED IN PART

- 3 -